UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HOWARD McCALISTER,              )
                                )
        Petitioner,              )
                                )
    vs.                          )   No. 4:09CV00264 AGF
                                )
DAVE DORMIRE,                   )
                                )
        Respondent.              )

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner Howard McCalister for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree burglary, first-degree assault, armed criminal action, first-degree robbery, kidnapping, attempted forcible sodomy, and forcible sodomy, all arising out of events that occurred on February 23, 2004. He was sentenced to a total of 40 years of imprisonment.

For federal habeas relief, Petitioner asserts that his constitutional rights were violated in the following ways:

> (1) the verdict director for the kidnapping charge materially varied from the information in lieu of indictment by alleging that Petitioner had confined the victim for a different purpose than the purpose alleged in the information, preventing Petitioner from receiving adequate notice of the charge and impairing his ability to present a defense;

> (2) the trial court refused Petitioner's proffered instruction on the lesser-included offense of stealing, with regard to the robbery charge;

(3) the trial court failed to declare, sua sponte, a mistrial during the State's closing argument when the prosecutor alluded to Petitioner's failure to testify;

(4) the trial court overruled Petitioner's objection to the State's closing argument concerning the jury members' families and coworkers;

(5) the trial court allowed the prosecutor to comment during closing argument, over Petitioner's objection, that the victim was a truthful person; and

(6) defense counsel rendered ineffective assistance by failing to object to the testimony of a police detective suggesting that Petitioner had committed other crimes.

Respondent argues that federal habeas relief must be denied because the state court's adjudication of each of these claims was not factually or legally unreasonable. The Court agrees, and for the reasons set forth below, habeas relief shall be denied.

## BACKGROUND

Information and Trial

The information in lieu of indictment stated, with respect to the kidnapping charge, that "on or about Monday, February 23, 2004 between 2:00 p.m. and 5:00 p.m., . . . [Petitioner] unlawfully confined [the victim] without her consent for a substantial period, for the purpose of facilitating the commission of the felony of assault and robbery of [the victim]."

The Missouri Court of Appeals summarized the evidence presented at trial as follows. Petitioner does not challenge the accuracy of this summary and this Court's review of the trial transcript confirms that the summary is fair and accurate.

On February 23, 2004, [Petitioner] knocked on the victim's apartment door. The victim had seen [Petitioner] in the area many times and thought he was a neighbor. [Petitioner] asked for a person named "Theresea" and the victim informed [Petitioner] that he had the wrong apartment. [Petitioner] then asked if he could use the phone. As the victim handed [Petitioner] a phone, he "pushed his way in." Thereafter, [Petitioner] grabbed the victim by her neck and she passed out. The victim woke up in her bathroom and [Petitioner] was hitting her head on the floor. [Petitioner] dragged the victim to her bedroom. [Petitioner] pulled his pants down and forced the victim to touch his penis and rubbed his penis on the victim's face. [Petitioner] pulled the victim's pants down and attempted to penetrate her anus with his penis. [Petitioner] also bound the victim. The victim suffered a broken cheekbone, bruising and her eyes were swollen shut and she was hospitalized for three to four days. The victim identified [Petitioner] from a photo array and a live lineup. In a statement to police [Detective Lenhard], [Petitioner] admitted, among other things, that he punched the victim, hit the victim with an iron, attempted to penetrate the victim's anus with his penis, placed his penis in the victim's hand, tied the victim's hands and feet with a telephone cord, placed a sock in the victim's mouth and a towel around her neck, and took certain items from the victim's apartment.

To the above, the Court adds the following. The detective who prepared the photo array testified for the State that a day or two after the crimes, he received information from another officer about an anonymous tip that Petitioner was the perpetrator, and based on that information, set up the photo array to present to the victim. The detective testified that the array consisted of six photos of individuals whose photos the police had, and included Petitioner, another individual who "was kind of a known character in the area" and "had been involved in some kind of squirrelly things when he was younger," and four others who matched Petitioner's likeness. Defense counsel made no objection during this exchange. Petitioner did not testify at trial.

- 3 -

Before closing arguments, the jury was instructed that a criminal defendant has a right not to testify and that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify. The jury was also instructed that closing arguments were intended to help them in understanding the evidence and applying the law, but that they were not evidence, and the jurors' deliberations had to be governed by the evidence and the law as given in the instructions.

During closing argument, the prosecutor stated as follows:

> Did [the victim] have any reason to lie? Did she make her testimony any better or any worse than it could have been? She was quite clear. If this was something she didn't remember, either because of time or because of the injuries she suffered or because she was blacking out, she didn't try and guess at something. She didn't try and make anything worse than what it was. Probably one of the most truthful people you'll ever see.

In response to defense counsel's objection that this was an improper comment on the truthfulness of a witness, the trial court instructed the jury to be guided by the evidence and the reasonable inferences to be drawn therefrom.

During the State's rebuttal closing argument, the prosecutor made the following statements, which Petitioner maintains was an improper reference to his failure to testify:

> The evidence is what you heard from the witness stand, from people under oath who took an oath before they came in and testified, people who were subject to cross-examination. [The victim] was the only person in that apartment who did that. And it's hilarious that [defense counsel] would argue to you that [the victim] can't be telling you the truth because it doesn't agree with the statement that [Petitioner] gave to Detective Lenhard. And [defense counsel] says you should only believe only those portions of [Petitioner's] statement, but you shouldn't believe his statement either because it was all brought out by the police. You got to watch the

witnesses testify. You make the determination who's telling the truth or not.

Defense counsel did not object.

Later in rebuttal closing argument, the prosecutor told the jury:

You're going to go back to your places of work tomorrow and you'll see your families. And they're going to ask what you've done for the last three days. You're going to tell them about the beating and the pictures, the turmoil and hell that this woman went through for however long it took while she was in and out of consciousness. . . . They're going to ask you what you did. And I hope you can tell them, We gave him everything we could.

The trial court overruled defense counsel's objection that this was an inappropriate argument.

On the robbery charge, the trial court instructed the jury on first-degree robbery and the lesser-included offense of second-degree robbery. Petitioner proffered an instruction on the lesser-included offense of stealing, which was refused. The verdict director on the kidnapping charge provided as follows:

[I]f you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 23, 2004, in the County of St. Louis, State of Missouri, [McCalister] confined [the victim] for a substantial period, and

Second, that such confinement was by means of forcible compulsion and was without the consent of [the victim], and

Third, that [McCalister] confined [the victim] for the purpose of facilitating flight after the commission of forcible sodomy, then you will find [McCalister] guilty . . . of the class B felony of kidnapping.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [McCalister] not guilty of that offense.

**<u>Direct Appeal</u>**

On direct appeal, Petitioner raised the first five claims he now asserts for federal habeas relief, as set forth above. With regard to the first claim, Petitioner had argued that the language of the information, which charged that Petition had confined the victim without her consent "*for the purpose of facilitating the commission of the felony of assault and robbery*" fatally varied from the verdict director, which asked whether Petitioner confined the victim "*for the purpose of facilitating flight after the commission of forcible sodomy*." The Missouri Court of Appeals rejected Petitioner's claim that alleged a variance between the charge and the verdict-director for kidnapping, holding that there was no material variance and, even if there were one, Petitioner was not prejudiced. The court reasoned that both the information and the verdict director alleged the same method by which Petitioner had committed the kidnapping; that Petitioner was on notice that he would have to defend against all of the charges; and his only defense to the charge was that the victim was untrustworthy. The appellate court concluded that Petitioner would not have been better able to defend against the charge of kidnapping had the information contained the phrase "for the purpose of facilitating flight after the commission of forcible sodomy."

Petitioner's argument that the trial court erred in refusing his proffered stealing instruction on the robbery charge was also rejected. Petitioner argued that he was entitled

to the instruction because the jury could have found that he did not forcibly steal the victim's property but, merely retained the items in an attempt to keep the victim from calling the police. The state appellate court held that the proffered instruction was properly rejected because the evidence clearly established the use of force, which differentiated robbery from stealing. The court also noted that the jury convicted Petitioner of first-degree robbery, and declined to convict him of the lesser included offense of second-degree robbery, indicating the jury would not have exercised greater leniency even if an instruction on stealing had been given.

The appellate court found no reversible error based on any of the prosecutor's statements during closing argument. With respect to the claim that the trial court should have declared a mistrial sua sponte after the prosecutor's comments alluding to Petitioner's failure to testify, the appellate court held that the challenged comments were, at most, only an indirect reference to Petitioner's failure to testify. Further, the comments were made in the context of rebutting Petitioner's attacks on the victim's credibility and emphasizing the trustworthiness of the police officer's testimony concerning Petitioner's confessions, and were, thus, not improper. The court concluded that the sua sponte declaration of a mistrial, a drastic remedy to be used in extraordinary circumstances, was unwarranted.

The claim based on the prosecutor's comment to the jury about what they might tell their families after the trial, was rejected, as follows:

> We believe the prosecutor's comments did not intimate that the jurors
> would be required *to explain* their actions to their families and coworkers
> after the trial. The prosecutor merely reminded the jury of the evidence
> presented at trial concerning the severity of Victim's injuries and argued
> such evidence warranted guilty verdicts on all charges and maximum
> punishment. The prosecutor was entitled to argue to the jury that
> [Petitioner's] criminal conduct should not be tolerated and should be
> severely punished. Furthermore, in light of the strong evidence of
> [Petitioner's] guilt, including Victim's testimony and a police officer's
> testimony concerning [Petitioner's] oral and written confessions,
> [Petitioner] has failed to demonstrate a reasonable probability that the
> verdict would have been different absent the prosecutor's comments.

And Petitioner's claim based on the prosecutor's comment on the victim's veracity was found to be without merit, in light of the trial court's curative instruction to the jury and the strong evidence of Petitioner's guilt.

**Postconviction Proceedings**

The only issue raised on appeal from the denial of state post-conviction relief was that defense counsel rendered ineffective assistance by failing to object to the detective's testimony about how the photo array was prepared. Petitioner acknowledged that the comment about past "squirrely" conduct was made in reference to another individual in the photo lineup, and not to Petitioner. Nevertheless, Petitioner argued that the jury might have thought the comment was about Petitioner, and thus, that the comment constituted an improper reference to other crimes he committed. This argument was rejected on the ground that the testimony in question was about another individual in the photo array, not Petitioner, and that therefore, defense counsel was not ineffective for failing to make a meritless objection.

# DISCUSSION

## Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996,

> [f]ederal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

"For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id.* (quoting *Williams*, 529 U.S. at 410). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision." *Id.* at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87; *see also Hardy v. Cross*, 132 S. Ct. 490, 491 (2011) (AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt.") (citation omitted).

## Variance Between Kidnapping Charge and Verdict Director

A variance between the evidence and the crime charged in the indictment or information affects a criminal defendant's "right to adequate notice, that is, the Sixth Amendment right 'to be informed of the nature and cause of the accusation.'" *United States v. Stuckey*, 220 F.3d 976, 981 (8th Cir. 2000). In the case of a variance,

> [t]he charging document does not change, only the evidence against which the defendant expected to defend. As a result, a variance does not require reversal per se, because a court must still examine whether or not the variance prejudiced the defendant's right to notice. Absent prejudice, the variance is harmless error.

*Id.; see also United States v. Renner*, 648 F.3d 680, 685 (8th Cir. 2011). Here the state appellate court applied the correct legal principles to this claim, and both its decision that there was no material variance and its determination that even if there were a variance, Petitioner was not prejudiced, are reasonable. Facilitating the commission of the felony, as charged in the information, would necessarily encompass facilitating flight thereafter, such that Petitioner had fair notice. And there was no danger that the jury might consider uncharged incidents in convicting Petitioner. *See Renner*, 648 F.3d at 686 (finding no improper variance where the defendant had fair notice of the government's theory and there was no danger that the jury might consider other, uncharged incidents in convicting him); *United States v. Mohamed*, 600 F.3d 1000, 1006 (8th Cir. 2010) (in prosecution for conspiracy to commit mail fraud, verdict director instruction which included overt act that was not specifically alleged in indictment, did not amount to a fatal variance; elements of offense for which the defendant was charged did not change when other overt acts were

proven at trial, and acts alleged in instruction were not materially different from the indictment).

**Trial Court's Failure to Give Lesser-Included Offense Instruction on Stealing**

The Eighth Circuit has held that "[t]he failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." *Green v. Groose*, 959 F.2d 708, 709 (8th Cir. 1992) (quoting *Pitts. v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990)); *see also Valles v. Lynaugh*, 835 F.2d 126, 127(5th Cir. 1988); *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988); *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir. 1987). Because "[t]he Supreme Court has never held that due process requires the giving of lesser-included-offense instructions in noncapital cases," the trial court's refusal to give a lesser included offense instruction in a noncapital case "cannot be considered to be contrary to clearly established federal law" for purposes of federal habeas relief. *Carney v. Fabian,* 487 F.3d 1094, 1097 & n.5 (8th Cir. 2007). Thus, this claim fails.

**Prosecutor's Comments During Closing Argument**

A criminal defendant's Fifth Amendment right against compulsory self-incrimination forbids a prosecutor from commenting on an accused's failure to take the stand and testify on his own behalf. *Griffin v. California*, 380 U.S. 609, 615 (1965). "Indirect comments constitute a constitutional violation if they manifest the prosecutor's intent to call attention to a defendant's failure to testify or would be naturally and necessarily taken by a jury as a comment on the defendant's failure to testify." *Robinson*

*v. Crist*, 278 F.3d 862, 866 (8th Cir. 2002) (citation omitted). The prosecutorial comments "must be evaluated in the context of the entire closing arguments and the evidence introduced at trial." *United States v. Sandstorm*, 594 F.3d 634, 662 (8th Cir. 2010). "In general, the government may comment on the failure of the defense, as opposed to the defendant, to counter or explain the evidence [unless] the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Gardner*, 396 F.3d 987, 991 (8th Cir. 2005) (citation omitted). "The question is not whether the jury possibly or even probably would view the challenged remark in this manner, but whether the jury necessarily would have done so." *Id.*

Here, the Court believes that the comment that the victim was the only person who was present in the apartment who testified could have been viewed by the jury as a comment on Petitioner's failure to testify. But given the context of the comment -- namely, the prosecutor's response to defense counsel's attacks on the credibility of the victim -- the Court cannot conclude that the jury would necessarily have done so. The statement was not highlighted and did not manifest an intent of the prosecutor to call attention to Petitioner's failure to testify. Rather, it focused on the credibility of the victim, from an evidentiary standpoint. Accordingly, the Court does not believe that the decision of the Missouri Court of Appeals rejecting this claim was either legally or factually unreasonable. The Court notes that defense counsel did not object to the statements in question and that the jury was instructed before closing arguments that no implications of guilt could be drawn from the fact that Petitioner did not testify.

The prosecutor's statements to the jurors about what they might tell their families and about the victim's veracity would entitle Petitioner to habeas relief only if the statements "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *See Cole v. Roper*, 623 F.3d 1183, 1194 (8th Cir. 2010) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Here the statements at issue were either not improper, or even if they were, they were not so inflammatory and prejudicial as to render the trial fundamentally unfair so as to constitute a denial of Petitioner's due process rights. *See, e.g.*, *United States v. Beaman*, 361 F.3d 1061, 1065 (8th Cir. 2004) (rejecting claim of prosecutorial misconduct based on statement in closing argument, "Now, members of the jury, you saw those two nice ladies in here. Do you really believe that those two would falsely accuse somebody of a crime of this magnitude and this seriousness unless they were absolutely certain?"). The Court notes that, as stated above, before closing argument the jury was instructed that counsels' arguments were not evidence and that jury deliberations had to be based on the evidence presented at trial and the law as set forth in the instructions.

**Defense Counsel's Failure to Object to Testimony Describing the Photo Array**

Petitioner's last claim for habeas relief is that defense counsel was ineffective in failing to object to the detective's testimony about how the photo array was prepared. There is no dispute that the detective's testimony about past "squirrely" conduct was about another individual in the photo array, and not about Petitioner. Thus this ground for habeas relief is devoid of merit. *See, e.g., Bounds v. Delo*, 151 F.3d 1116, 1119 (8th

Cir. 1998) (holding that defense counsel's failure to object to certain testimony did not constitute ineffective assistance, absent any reasonable probability that the result of the trial would have been different had counsel successfully objected to the testimony); *Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995) (holding that counsel's failure to object to testimony, the admission of which did not deprive petitioner of a fair trial, did not constitute ineffective assistance).

Although not specifically argued by Petitioner in state court or in this action, the detective's testimony that he used a photo of Petitioner that the police had, could be seen as indirect evidence that Petitioner had committed other crimes, which would not be proper. This testimony, however, and defense counsel's failure to object to it, would not entitle Petitioner to habeas relief, considering the detective's brief, passing reference to the photo and the strong evidence against Petitioner. *See Loggins v. Hannigan*, 45 F. App'x 846, 849 (10th Cir. 2002) (holding that a witnesses's references to a habeas petitioner's mug shots did not violate the petitioner's right to due process in light of the overwhelming evidence against him); *Thomas v. Warren,* 398 F. Supp. 2d 850, 863-64 (E.D. Mich. 2005) (rejecting habeas petitioner's claim that the testimony of a police officer that he used a photo of the petitioner "from the past" in conducting a photo array deprived him of due process, as there was no clearly established Supreme Court precedent that admission of evidence of other crimes was a due process violation, and the testimony in question did not expressly refer to a mug shot or to the petitioner's criminal history).

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (standard for issuing a Certificate of Appealability).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Howard McCalister for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2012.